# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 10-313(1) (DWF/FLN) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Jesse Mendoza, a/k/a Jesus Mendoza, | |
| Defendant. | |

---

Jesse Mendoza, Defendant, *Pro Se*, counsel for Defendant.

Michael L. Cheever, Assistant United States Attorney, United States Attorney's Office, counsel for the Government.

---

# INTRODUCTION

This matter is before the Court on Defendant Jesse Mendoza's ("Defendant") *pro se* motion for a sentence reduction pursuant to Sections 404 and 603 of the First Step Act. (Doc. No. 493.) Defendant also requests that counsel be appointed. (*Id.*) The United States of America (the "Government") opposes Defendant's motion. (Doc. Nos. 495, 508.) For the reasons set forth below, the Court respectfully denies Defendant's motion.

# BACKGROUND

On July 28, 2011, pursuant to a plea agreement, Defendant entered pleas of guilty to Count 1, Conspiracy to Distribute and Possess with Intent to Distribute 5 Kilograms or

More of Cocaine and 100 Kilograms or More of Marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841 (b)(1)(B), and 846 and to Count 4, Aiding and Abetting Money Laundering to Conceal in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2, of the six-count superseding indictment in this case. (Doc. Nos. 5, 249, 250.) On November 26, 2012, Defendant was adjudged guilty as to Counts 1 and 4, and Counts 2, 3, 5, and 6 were dismissed on the motion of the Government. (Doc. No. 369 ("Judgment") at 1.) At sentencing, the Court adopted the presentence investigation report ("PSR") with changes, including adjusting the base offense level to reflect the amount of marijuana for which Defendant was held responsible resulting in an advisory guidelines range of 324 to 405 months of imprisonment. (Doc. No. 370 ("Stmt. of Reasons") at Sec. I B.1, Sec. III.) The Court imposed a sentence of 252 months' imprisonment for each count, to run concurrently, to be followed by a term of supervised release of 5 years per count, also to run concurrently, after granting a downward variance on Defendant's motion and over the objection of the Government. (*Id.* at Sec. VI B.2; Judgment at 2-3.)

On November 17, 2015, the District of Minnesota Probation and Pretrial Services Office ("Probation") issued a "2014 Drug Retroactivity Letter" with respect to Defendant's sentence. (Doc. No. 471 ("Probation Letter").) The Probation Letter outlined the applicability of November 2014 amendments to the United States Sentencing Guidelines ("Guidelines") Drug Quantity Table. (Probation Letter at 1-2.) The Probation Letter noted that Amendment 782 to the Guidelines reduced the base offense level of each listed drug and, in certain circumstances, could be applied retroactively. (*Id.*) As specifically applied to Defendant's case, under Amendment 782 the Guidelines offense

level was reduced from 36 to 34, resulting in a Guidelines range reduced from 324 to 405 months down to 262 to 327 months' imprisonment and subject to a ten-year mandatory minimum sentence. (*Id.* at 2.) Defendant did not move for a sentence reduction under the amended Guidelines.

The Court amended Defendant's sentence on March 5, 2019, reducing his term of imprisonment by 40 months to 212 months per count, again to run concurrently, based upon a motion by the Government for a reduction under Fed. R. Crim. P. 35(b). (Doc. No. 492 ("Amend. Stmt. of Reasons") Sec. VIII.) Defendant is 52 years of age and currently serving his sentence at the federal medical center in Rochester, Minnesota ("FMC-Rochester") with a scheduled release date of May 20, 2026.[1]

Defendant now moves for a reduction in his sentence pursuant to Sections 404 and 603 of the First Step Act. (Doc. Nos. 493, 503.) He requests that the Court "determine whether [Defendant] is eligible for relief" under the provision of the First Step Act that makes the Fair Sentencing Act of 2010 retroactive, and argues that his accomplishments since he was placed in custody and his plans should he be released demonstrate extraordinary and compelling reasons to reduce his sentence. (Doc. Nos. 493 at 1; 503.) Defendant has submitted extensive documentation of his progress and prospects outside of prison, including his resumé, certificates, and letters of support. (Doc. Nos. 502 at 7-89; 504.)

---

[1] Inmate Locator, *Find an inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Nov. 21, 2019) ("Inmate Locator")

3

Defendant has also provided documentation of his efforts to pursue an early release under 18 U.S.C. § 3582(c) through the Bureau of Prisons' ("BOP") administrative process. (Doc. No. 507.) Defendant's request for a sentence reduction was first denied by the BOP on August 19, 2019. (*Id.* at 2.) Defendant appealed the initial decision, but his request was denied again as stated in a letter from the warden at FMC-Rochester dated October 3, 2019. (*Id.* at 3.) The letter advises that an appeal of the latest response may be filed with the BOP Regional Director within 20 days of the response. (*Id.*) Defendant requests that the Court review and approve his appeal "as [he] continue[s] with the administrative remedy process through the BOP." (*Id.* at 1.)

The Government opposes Defendant's early release, arguing that he is not eligible for relief under the First Step Act because his statutory penalties were not based on crack cocaine and therefore not reduced under the Fair Sentencing Act. Further, the Government notes that Defendant's sentence was imposed after the Fair Sentencing Act took effect. The Government also points out that Defendant's amended sentence is already more than 40 months below the low end of his amended Guidelines range.

## DISCUSSION

### I. First Step Act of 2018

#### A  Section 404

The First Step Act was enacted into law on December 21, 2018. *See* Pub. L. No. 115-391, 132 Stat. 5194. Previously, in 2010, Congress enacted the Fair Sentencing Act, which reduced the disparity in sentencing between offenses involving crack and powder cocaine. *See* 124 Stat. 2372 (codified at 21 U.S.C. § 841(b)(1)). The Fair Sentencing Act

4

changed the drug quantities required to trigger certain mandatory minimum sentences, raising the amount required to trigger the mandatory minimum of ten years (twenty years with enhancement) from more than 50 grams of crack cocaine to more than 280 grams. *See* 21 U.S.C. § 841(b)(1)(A)(iii). These changes resulted in more lenient mandatory minimum sentences for convictions under 21 U.S.C. § 841 for those who committed a crack cocaine offense before August 3, 2010 but were not sentenced until after that date. *Dorsey v. United States*, 567 U.S. 260, 264 (2012). The Fair Sentencing Act was not retroactive, however, meaning that sentences from before August 3, 2010 remained as originally imposed. *Dorsey*, 567 U.S. at 281; *United States v. Orr*, 636 F.3d 944, 958 (8th Cir. 2011).

Section 404 of the First Step Act makes the provisions of the Fair Sentencing Act retroactive for those convicted of covered offenses, defined as violations "of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010" and "committed before August 3, 2010." First Step Act § 404(a). Specifically, Section 404(b) of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." Section 404(c) outlines the limitations to such relief, providing that a defendant is not eligible for a sentence reduction under this section of the First Step Act if that person's sentence was already imposed or reduced in accordance with the Fair Sentencing Act, or if a previous motion for relief under this section was denied on its merits.

"The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced." U.S.S.G. 1B1.11.[2] The Fair Sentencing Act took effect on August 3, 2010, and conforming Guidelines amendments took effect on November 1, 2011. *Dorsey v. United States*, 567 U.S. 260, 270 (2012). Defendant was sentenced on November 26, 2012. (Judgment.) The Court reduced his sentence earlier this year, imposing a term of imprisonment significantly shorter than both his previously calculated Guidelines range and his sentencing range as calculated under Amendment 782. (Doc. Nos. 471, 490.)

Because Defendant's sentence was imposed in accordance with the Fair Sentencing Act, he is not eligible for a reduced sentence pursuant to Section 404 of the First Step Act. Further, because such a reduction is being denied on the merits, he is not eligible for a reduction in the future under Section 404.

**B.     Section 603(b)**

Section 603(b) of the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) with the goal of "increasing the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5194, at 5239. Federal prisoners may now directly petition the sentencing court for so-called "compassionate release" in the event that the BOP has failed to bring a motion for release on the prisoner's behalf and has waited more than 30 days to respond to a prisoner appeal of that decision or if the federal prisoner's appeal has been denied after "fully exhausting" all administrative remedies through the BOP.

---

[2]     U.S.S.G. 1B1.11 reads the same in the current version (effective November 1, 2018) as it did in the 2011 Guidelines (effective November 1, 2011).

18 U.S.C. § 3582(c)(1)(A).³  The statute now provides that relief is available if the court finds that the requested sentence reduction is warranted due to "extraordinary and compelling reasons" after the court considers the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable."  18 U.S.C. 3582(c)(1)(A)(i).

"A document filed *pro se* is to be liberally construed." *United States v. Sellner*, 773 F.3d 927, 932 (8th Cir. 2014) (quoting *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted).  Although Defendant does not expressly invoke Section 603(b) in his motion, the Court interprets the inclusion of attachments documenting his petition to the BOP for compassionate release pursuant to the BOP's Program Statement Number 5050.50 ("P5050.50"), which describes procedures for the implementation of compassionate release following the amendment of 18 U.S.C. § 3582 through the First Step Act, as a request for the Court's consideration under Section 603(b).  (Doc. No. 503 (citing Fed. Bureau of Prisons, U.S. Dept. of Justice, Program Statement No. 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g) (Jan. 17, 2019) (avail. at https://www.bop.gov/policy/progstat/5050_050_EN.pdf)).)

As P5050.50 sets forth, a federal prisoner's initiation of a request for a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is considered to be submitted

---

³ As amended by the First Step Act, § 3582 also provides that a sentencing court may reduce a sentence upon motion of a federal prisoner following exhaustion of the BOP's administrative remedies in a case where "the defendant is at least 70 years of age" and "has served at least 30 years in prison."  18 U.S.C. 3582(c)(1)(A)(ii).  Because these circumstances do not apply to Defendant, the Court will not address such a scenario further here.

7

when a written request containing the "extraordinary or compelling circumstances" warranting consideration and proposed release plans is received by the warden. P5050.50 at 3, citing 28 C.F.R. § 571.61. Defendant has met this first requirement. (Doc. Nos. 503; 507 at 2.) However, according to the warden's denial dated October 3, 2019, Defendant has another step available to him in the BOP's administrative process: he "may file an appeal with the North Central Regional Director . . . within twenty (20) calendar days of the date of this response." (Doc. No. 507 at 3.)

The BOP's Administrative Remedy Program allows federal prisoners to seek formal review of issues relating to any aspect of their confinement, with statutorily-mandated exceptions for certain listed claims. 28 C.F.R. § 542.10(a), (c). When a prisoner raises an issue that cannot be resolved through the Administrative Remedy Program, the BOP "will refer the inmate to the appropriate statutorily-mandated procedures." 28 C.F.R. § 542.10(c). As amended by Section 603(b)(1) of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) states only that a defendant may bring a motion to the sentencing court after fully exhausting "all administrative rights to appeal" without further detail about the required procedure. The denial letter issued on October 3, 2019 is in accord with the BOP's Administrative Remedy Program's appeals procedure, which instructs that a federal prisoner who is not satisfied with the response from the warden may submit an appeal to the "appropriate Regional Director within 20 calendar days" of the date the response was signed. 28 C.F.R. § 542.15(a). If dissatisfied with the regional director's response, the prisoner may file yet another appeal to the general counsel within 30 days. *Id.*

As Defendant acknowledges in his latest submission, filed on October 15, 2019, his appeal through the BOP's Administrative Remedy Process is ongoing. (Doc. No. 507 at 1.) Because Defendant has not "fully exhausted all administrative rights to appeal," his motion does not meet the requirements under 18 U.S.C. § 3582(c)(1)(A).

The Court recognizes that as the First Step Act is newly enacted, there is little guidance available for federal prisoners through official publications or other materials about how to proceed with a direct motion for compassionate release. The Court also observes that Defendant seeks "review and approval of his PS 5050.50 appeal of the First Step Act" from the Court, indicating possible confusion about the process. (Doc. No. 507 at 1.) For the reasons explained above, the Court denies Defendant's motion under Section 603(b) of the First Step Act. However, unlike Section 404, this section of the First Step Act does not bar successive motions. Indeed, such a prohibition would not make sense for petitions for compassionate release, which is appropriate in a range of circumstances that may arise even after a court has previously found that compassionate release was inappropriate. Defendant's motion for a sentence reduction pursuant to Section 603(b) of the First Step Act is denied without prejudice.

## CONCLUSION

Based upon the submissions of the parties, the Court having once more carefully reviewed the record in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

# ORDER

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Jesse Mendoza's Motion to Reduce Sentence Pursuant to Section 404 of the First Step Act (Doc. No. [493]) is **DENIED**;

2. Defendant Jesse Mendoza's Motion to Appoint Counsel (Doc. No. [493]) is **DENIED AS MOOT**;

3. Defendant Jesse Mendoza's Motion to Reduce Sentence Pursuant to Section 603(b) of the First Step Act is **DENIED WITHOUT PREJUDICE**;

4. No hearing is required in this matter.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: November 26, 2019
              s/Donovan W. Frank
              DONOVAN W. FRANK
              United States District Judge